This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Kevin Terry and Patti Terry, appeal the judgment entered against them in the Akron Municipal Court. We affirm.
 I.
In November 1997, the Terrys approached Dan Bryant concerning their plans to remodel their residence at 904 Indian Trail in Akron, Ohio. They inquired as to whether Mr. Bryant would be interested in accomplishing their remodeling plans. They planned a major remodeling project including turning the basement of the residence into an apartment complete with kitchen and bathroom, remodeling the kitchen, and remodeling the garage into a family room. The Terrys and Mr. Bryant met and agreed on the terms under which the remodeling project would go forward. The Terrys stated in their trial testimony that the agreement was for Mr. Bryant and his family to live in the apartment after it was suitably completed for four hundred dollars per month in rent. Mr. Bryant would then work forty hours a month at ten dollars an hour, thereby equaling the amount he owed the Terrys for rent. Mr. Bryant, however, testified that the agreement was for him to rent the apartment for four hundred dollars per month in rent and receive fifteen dollars an hour for whatever time he worked on the remodeling project.
The remodeling project progressed smoothly until late 1998 or early 1999. Mr. Bryant remodeled the kitchen first, saving the cabinets for the kitchen that was to be constructed in the basement apartment. He then remodeled the basement, creating an apartment into which he and his family soon moved. The Terrys aided in some of the work and purchased the necessary materials. The remodeling project continued with various other rooms in the residence. Mr. Bryant kept a ledger from January 7, 1998, approximately when he began working on the remodeling project, until March 12, 1998, when he began keeping track of the work he performed on the Terrys' residence in his job calendar. While Mr. Bryant was working on the remodeling project, he also did other work and even periodically employed Mr. Terry.
In late 1998 or early 1999, the relationship between the Terrys and Mr. Bryant deteriorated. Mr. Terry testified that he asked Mr. Bryant and his family to vacate the apartment on December 29 or 30, 1998, affording the Bryants ninety days notice. However, Mr. Bryant testified that the Terrys asked him to vacate the apartment with only thirty days notice. Mr. Bryant and his family left the apartment on March 15, 1999. Upon tallying all the hours he spent working on the renovation of the Terrys' residence, Mr. Bryant found that he had worked a total of six hundred thirty-eight hours on the project. He demanded payment in the amount he had earned minus the rent on the basement apartment. The Terrys refused payment.
On September 28, 1999, Mr. Bryant filed suit against the Terrys on the oral contract alleging breach of contract and unjust enrichment. The cause was tried to the bench on March 29, 2000. The trial court found in favor of Mr. Bryant in a judgment entry journalized on April 6, 2000. This appeal followed.
 II.
The Terrys assert three assignments of error. We will address each in turn.
 A. First Assignment of Error The trial Court [sic] erred in finding in favor of the Appellee absent a written agreement.
 The Terrys aver that the trial court erred in enforcing the oral contract between the Terrys and Mr. Bryant because the Statute of Frauds barred the enforcement of the contract. We disagree.
Ohio's codification of the Statute of Frauds mandates that
 [n]o action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person; nor to charge an executor or administrator upon a special promise to answer damages out of his own estate; nor to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.
R.C. 1335.05.
When a contract is alleged to be covered by the Statute of Frauds because it exceeds one year in duration, "[a] promise unlikely to be performed within a year which is, in fact, not performed within a year, is still not within the Statute of Frauds if at the time of making there is a possibility that it can be entirely performed as the parties intended within a year." Weiper v. W.A. Hill Assoc. (1995), 104 Ohio App.3d 250,264. Generally, courts construe this principle liberally in favor of finding an enforceable contract. Id.
The Terrys do not aver what provision of the Statute of Frauds the oral contract herein violates. However, the only potentially applicable provision is the prohibition against contracts that cannot be performed within one year. The testimony adduced at trial as to the contents of the oral contract does not disclose that it, by its terms, could not be performed within one year. Mr. Bryant may have been able to complete the remodeling work in less than one year, thereby rendering full performance under the contract. Moreover, the terms of the contract did not specify its duration or exactly what work Mr. Bryant was to perform. Further, Mr. Terry testified that the hourly rate was discussed "in the event either one of us were disgruntled or didn't feel like getting along, or we weren't getting along[.]" Hence, it appears that the agreement was, in fact, terminable at will. Accordingly, we conclude that the trial court did not err in finding that the Statute of Frauds did not bar Mr. Bryant's action on the oral contract herein. The Terrys' first assignment of error is overruled.
 B. Second Assignment of Error The trial Court [sic] absent [sic] its discretion in accepting videotape evidence which did not accurately depict the work as claimed by the Plaintiff Bryant.
The Terrys aver that the trial court erred in admitting into evidence a videotape depicting the remodeling of the Terry residence without proper authentication. We disagree.
"The admission of photographic evidence is left to a trial court's sound discretion." Reinoehl v. Trinity Universal Ins. Co. (1998),130 Ohio App.3d 186, 194. Moreover, "[r]eviewing courts should be slow to interfere with a [trial] court's determination concerning the admissibility of evidence unless the court has clearly abused its discretion and the party has been materially prejudiced thereby." Id. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Evid.R. 901(A) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Under Evid.R. 901(A), videotapes are properly admitted into evidence only upon sufficient showing that they accurately depict what their proponent purports they depict. See Midland SteelProds. Co. v. U.A.W. Local 486 (1991), 61 Ohio St.3d 121, 129. One basis for the admission of photographic evidence "`is the "pictorial testimony" theory. Under this theory, the photographic evidence is merely illustrative of a witness' testimony and it only becomes admissible when a sponsoring witness can testify that it is a fair and accurate representation of the subject matter, based on that witness' personal observation.'" Id., quoting Fisher v. State (1982), 7 Ark. App. 1, 5-6.
The Terrys assert that the videotape was inadmissible because Mr. Bryant testified that it "did not clearly and accurately depict the work that he had done on the site." However, Mr. Bryant was asked, "[a]s it relates to the work you've [sic] done, does the videotape accurately reflect the finished product of your work?" Mr. Bryant responded, "[y]es, it does." Hence, we cannot conclude that Mr. Bryant did not testify that the videotape accurately represented what its proponent purported it to represent. Accordingly, we cannot conclude that the trial court abused its discretion in finding the videotape admissible. The Terrys' second assignment of error is overruled.
 C. Third Assignment of Error The trial Court's [sic] judgment is against the manifest weight of the evidence.
The Terrys assert that the trial court acted against the manifest weight of the evidence because Mr. Bryant was unable to explain discrepancies in the figures contained in his various ledger books and notations as to his pay being ten, twelve, and fifteen dollars an hour. Further, the Terrys assert that their and their daughter's testimony as to Mr. Bryant's pay rate was clear — ten dollars per hour. Hence, the Terrys aver that the trial court acted against the manifest weight of the evidence. We disagree.
When the manifest weight of the evidence is challenged, "[a]n appellate court conducts the same manifest weight analysis in both criminal and civil cases." Ray v. Vansickle (Oct. 14, 1998), Lorain App. Nos. 97CA006897/97CA006907, unreported, at 3.
 "The [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered."
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. Moreover, "[e]very reasonable presumption must be made in favor of the judgment and the findings of facts [of the trial court]." Karches v. Cincinnati (1988),38 Ohio St.3d 12, 19. Furthermore, "if the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment." Id.
Upon thorough review of the record, we cannot find that the trial court acted against the manifest weight of the evidence and carried out a miscarriage of justice in entering judgment in favor of Mr. Bryant. Mr. Bryant testified that indeed he could not explain the discrepancies in his ledgers and that such discrepancies existed. However, he testified that the discrepancies benefited both parties and, by way of explanation, he stated that he was not as careful as he should have been when transcribing the entries. He states that, as he was dealing with a friend, he was not as careful as he is normally. Further, he testified that the post-it notes which were stuck to the ledgers and recited a rate of twelve dollars per hour were not in reference to the work he performed herein. The notes were found in a ledger given by Mr. Bryant to the Terrys, and Mr. Bryant testified that some of the post-it notes attached to the ledger were not even in his handwriting. Mr. Bryant's employer, Mr. Staphopoulos, testified as to Mr. Bryant's honesty, the good quality of Mr. Bryant's work, and that he paid Mr. Bryant sixteen dollars an hour. Further, the work performed by Mr. Bryant was substantial and time consuming, from scribing boards to conform to a up-heaved basement floor to removing kitchen cabinets intact to preserve them for later reinstallation. Hence, we cannot conclude that the trial court acted against the manifest weight of the evidence or carried out a manifest miscarriage of justice in finding in favor of Mr. Bryant. The Terrys' third assignment of error is overruled.
 III.
The Terrys' assignments of error are overruled. The verdict of the Akron Municipal Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Akron Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
WILLIAM G. BATCHELDER, BAIRD, J., CARR, J. CONCUR